BOKER (WHITE v.). See Case No. 17,537.

## Case No. 1,607.
### BOLCHOS v. DARREL.
[Bee, 74.] [1]

District Court, D. South Carolina. Sept. 29, 1795.

PRIZE—NEUTRAL PROPERTY IN ENEMY'S SHIP— CAPTURE OF MORTGAGED PROPERTY.

Neutral property in an enemy's ship is forfeited by the 14th article of the treaty between the U. States and France. If mortgaged property is left in the possession of the mortgagor who puts it on board the vessel of a belligerent, it is subject to capture, and the mortgagee is without remedy.

[Distinguished in U. S. v. The Arcola, Case No. 14,464a.]

In admiralty.
[Before BEE, District Judge.]

Captain Bolchos captured and brought into this port a Spanish prize; on board of which were these slaves, formerly mortgaged to Savage, whose agent, [Edward] Darrel, by virtue of Savage's mortgage, seized and sold them. The facts have been admitted, and I am called upon to pronounce on the law arising therefrom.

I was at first doubtful whether this court had jurisdiction, Darrel's seizure, under the mortgage, having been made on land. But as the original cause arose at sea, every thing dependent on it is triable in the admiralty. Cro. Eliz. 685, Yel. 135, Le Caux and Eden, and other cases are full to this effect. If, indeed, I should refuse to take cognizance of the cause, there would be a failure of justice, for the court of common law of the state has already dismissed the cause as belonging to my jurisdiction in the admiralty. Besides, as the 9th section of the judiciary act of congress [Act Sept. 24, 1789, 1 Stat. 77] gives this court concurrent jurisdiction with the state courts and circuit court of the United States where an alien sues for a tort, in violation of the law of nations, or a treaty of the United States, I dismiss all doubt upon this point.

Bolchos demands restitution of these negroes, by virtue of the 14th article of our treaty with France. The claimant contends that the negroes are not within that clause, as they were not laden on board the prize by the real owner, the mortgagee. And that no unauthorized act of the mortgagor ought to affect an innocent third person. As to this point, it is true that a mortgage vests a right in the mortgagee under certain conditions, and for certain purposes. Yet, while the property continues in possession of the mortgagor, he may exercise the rights of an owner, may maintain trespass or trover for it, or, as in the present case, may hire it to others. But the question of property is here of little consequence; for the mortgagor is a Spanish subject, and the mortgagee a subject of Great Britain.

[1] [Reported by Hon. Thomas Bee, District Judge.]

It is certain that the law of nations would adjudge neutral property, thus circumstanced, to be restored to its neutral owner; but the 14th article of the treaty with France alters that law, by stipulating that the property of friends found on board the vessels of an enemy shall be forfeited. Let these negroes, or the money arising from the sale, be delivered to the libellant. But as there was colourable ground for the defendant's seizing them on behalf of his principal the mortgagee, let the costs be paid by each party for himself, and the expenses of the suit be divided.